STEVEN G. KALAR
Federal Public Defender
HANNI M. FAKHOURY
JEROME E. MATTHEWS
CARMEN A. SMARANDOIU
JULIANA DEVRIES
Assistant Federal Public Defenders
1301 Clay Street, Suite 1350N
Oakland, CA 94612
Telephone:    (510) 637-3500
Facsimile:    (510) 637-3507
Email:        Hanni_Fakhoury@fd.org

Attorneys for ADAM SHAFI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>ADAM SHAFI,<br><br>          Defendant. | **Case No.:** CR 15–582–WHO<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO LIMIT EXPERT TESTIMONY OF DEFENSE EXPERT DR. MARC SAGEMAN**<br><br>**Court:**          Courtroom 2, 17th Floor<br>**Hearing Date:**  June 21, 2018<br>**Hearing Time:**  1:30 p.m. |

**<u>INTRODUCTION</u>**

Mr. Shafi has notified the government he intends to call Dr. Marc Sageman—a psychiatrist, sociologist, and recognized expert on terrorism and political violence—as an expert witness, to testify on his behalf at trial.  Dr. Sageman will primarily rebut any government expert who proffers an opinion about the profile of "homegrown terrorists," and provide his opinion about Mr. Shafi specifically.  *See* Dkt. 208, United States Motion to Limit Expert Testimony of Defense Expert Dr. Marc Sageman ("Gov. Motion to Limit"), Exhibit 1, March 12, 2018 Defense Expert Notice ("Def. Notice").  The government moves to limit Dr. Sageman's testimony, noting his testimony may be moot and arguing it is inadmissible mental state, good character and hearsay evidence.  *See* Gov. Motion to Limit at 4-8.

Resolving the government's motion to limit Dr. Sageman's testimony requires this Court to first rule on Mr. Shafi's motion to exclude the expert testimony of proposed government witness Lorenzo Vidino.  *See* Dkt. 206 Defendant's Motion to Exclude Expert Testimony and Request for *Daubert* Hearing ("Def. Motion to Exclude").  Should this Court grant Mr. Shafi's motion to exclude Vidino, Mr. Shafi would not call Dr. Sageman as an expert witness at all.  But if the Court allows Vidino to testify, then Dr. Sageman's testimony is not moot and admissible as noticed.

Specifically, should Vidino testify, Dr. Sageman will rebut Vidino's conclusions and opinion about "paths of radicalization" and "whether particular evidence in this case is consistent with such paths of radicalization."  *See* Def. Motion to Exclude," Exhibit A Excerpt of March 12, 2018 Correspondence Concerning Expert Notice ("Gov. Notice") at 1.  Dr. Sageman will not opine on whether Mr. Shafi lacked the requisite *mens rea* for the charged offense, or impermissibly provide character or hearsay evidence.

Therefore, if this Court denies Mr. Shafi's motion to exclude Vidino and permits Vidino to testify as noticed, this Court should then deny the government's motion to limit Dr. Sageman's rebuttal testimony.

## ARGUMENT

### I.   Dr. Sageman's Testimony Is Not Moot Because it Rebuts Vidino's Proposed Testimony.

Mr. Shafi's expert notice explained Dr. Sageman would be called "to rebut any government expert, including but not limited to Evan Kohlmann, who proffers an opinion about the profile of 'homegrown terrorists.'" Def. Notice at 1.  In its motion to limit Dr. Sageman's testimony, the government argues Mr. Shafi's "preemptive attempt to counter Kohlmann by calling Dr. Sageman is moot" because the government does not plan to call Kohlmann but instead will call Vidino as its expert witness.  Gov. Motion to Limit at 7.  But Mr. Shafi explained that he would call Dr. Sageman "to rebut *any* government expert, *including but not limited to* Evan Kohlmann, who proffers an opinion about the profile of 'homegrown terrorists.'" Def. Notice at 1 (emphasis added).

More importantly, the government asserts it "does not anticipate" asking Vidino to testify as to whether Mr. Shafi fits the profile of a terrorist.  Gov. Motion to Limit at 7.  But the government's notice says, "Mr. Vidino is expected to testify about the paths of radicalization and travel for individuals seeking to join al-Nusrah and/or ISIL in Syria" and "whether particular evidence in this case is consistent with such paths of radicalization and travel." Gov. Notice at 1.  The government's expert notice makes clear that Vidino will do precisely what Mr. Shafi feared Kohlmann would do: testify on the "profiles" of homegrown terrorists and opine on whether Mr. Shafi fits that profile.

As explained in Mr. Shafi's motion to exclude, this evidence should be excluded.  *See* Def. Motion to Exclude at 12-13.  If this Court denies Mr. Shafi's motion to exclude this testimony and permits Vidino to testify on that topic, Mr. Shafi would offer Dr. Sageman in rebuttal.  Thus, the issue is only moot if the Court excludes Vidino.

### II.   Dr. Sageman's Proposed Testimony Does Not Violate Rule 704(b)'s Bar on Admission of Mental State Evidence.

Should the Court allow Vidino to testify as noticed, then Dr. Sageman's proposed testimony should be admitted as well.  The government complains Dr. Sageman's proposed testimony is inadmissible mental state evidence.  Federal Rule of Evidence 704(b) precludes expert witnesses from offering opinions "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."

The government suggests this Court issue an order precluding testimony on the defendant's mental state, similar to an order filed in *United States v. Mohamud*, 10-CR-00475 (D. Or.).  *See* Gov. Motion to Limit at 7.  That order permitted expert testimony on "the factors and indicators derived from their research; may explain whether people demonstrating these factors and indicators are violent or not, in the experts' experience; and may explain how well defendant fit the factors and indicators.  But the experts may not testify on the ultimate label they would affix to defendant."  *Id.*

As explained in more detail in his motion to exclude Vidino's testimony, Mr. Shafi believes testimony from Vidino concerning such "factors and indicators" are unhelpful, unreliable, and prejudicial, and should be excluded altogether.  *See* Def. Motion to Exclude at 5-15.  Precluding Vidino would alleviate Mr. Shafi's need to call Dr. Sageman.  But if Vidino's testimony is admitted, then contrary to the government's claim, Dr. Sageman's proposed rebuttal testimony is not impermissible mental state evidence under Rule 704(b).  *See* Gov. Motion to Limit at 5.[1]

Rule 704(b) "does not preclude an expert from testifying to a predicate matter, even if the jury might infer the necessary *mens rea* from such testimony, so long as the testimony as to the predicate matter does not necessarily imply the *mens rea* element."  *United States v. Morales*, 108 F.3d 1031, 1033 (9th Cir. 1997) (en banc).  The defendant in *Morales* was charged with embezzlement and willfully making false entries in union records.  *Id.* at 1034.  At trial, she proffered expert testimony from a certified public accountant about the defendant's level of bookkeeping and auditing experience and knowledge to support the defendant's trial testimony that her admitted bookkeeping inaccuracies were unintentional and not willful.  *Id.*  The district court precluded the expert from testifying "as to what Ms. Morales did or did not understand' because 'that is a conclusion that … is properly within the jury.'"  *Id.*  The Ninth Circuit reversed.  *Id.* at 1037.  It found the expert was simply "going to state her opinion as to a predicate matter—that Morales had a weak grasp of bookkeeping principles."  *Id.*  "Morales could have had a weak grasp of bookkeeping principles and still knowingly made false entries as charged."  *Id.*

---

[1] Conversely, if the Court determined Dr. Sageman's proposed testimony violates Rule 704(b), then Vidino's proposed testimony concerning "paths to radicalization" also violates Rule 704(b).  Gov. Notice at 1.

DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO LIMIT EXPERT TESTIMONY
*United States v. Shafi*, CR 15–582–WHO

Similarly, in *United States v. Younger*, the Ninth Circuit found no error when a police expert testified "only that the 'person' or 'individual' who possessed the quantity of drugs at issue possessed it for the purpose of selling it." 398 F.3d 1179, 1189 (9th Cir. 2005). The defendant was charged with possession of cocaine base with intent to distribute. *Id.* at 1183. A key issue at trial was whether the drugs were for personal use or for sale. *Id.* at 1188. The Ninth Circuit held because "the jury could have accepted [the police expert's] testimony and still infer that defendant was atypical," the testimony did not violate Rule 704(b). *Id.* at 1190.

Even the case the government primarily relies upon, *United States v. Hayat*, 710 F.3d 875 (9th Cir. 2013) supports admission of Dr. Sageman's testimony. There, the defendant carried an Arabic prayer in his wallet. *Id.* at 900. A government expert witness opined that the "kind of person" who would carry this prayer would be a person "engaged in jihad." *Id.* at 901. The Ninth Circuit reluctantly held the district court did not plainly err under Rule 704(b) by allowing this testimony at trial. *Id.* at 900-02.

Here, Mr. Shafi is charged with attempting to provide material support to the foreign terrorist organization al-Nusrah Front, in violation of 18 U.S.C. § 2339B. The government will be required to prove that Mr. Shafi had the specific intent to "knowingly" provide material support to al-Nusrah with "knowledge" that al-Nusrah was a qualifying terrorist group. Under Rule 704(b), Dr. Sageman cannot testify Mr. Shafi did not intend to knowingly provide material support to al-Nusrah, or did not know that al-Nusrah was a foreign terrorist organization.[2] This would be prohibited testimony "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." *See* Fed. R. Evid. 704(b).

But Rule 704(b) permits Dr. Sageman to testify about predicate matters that allow the jury to infer Mr. Shafi's intentions. *See Morales*, 108 F.3d at 1033. Dr. Sageman may testify, for example, that Mr. Shafi "was one of a large number of Muslims with genuine, conservative religious views" and that he "grew disillusioned over time," as these are not mental states constituting elements of the

---

[2] The same is true of any government effort to have Vidino testify that Mr. Shafi intended to knowingly provide material support to al-Nusrah or knew al-Nusrah was a foreign terrorist organization.

charged offense. *See* Def. Notice at 2.[3]  Neither statement is an opinion as to whether Mr. Shafi intended to knowingly provide material support to al-Nusrah or knew that al-Nusrah was a qualifying terrorist group. *See* 18 U.S.C. § 2339B.  The jury can accept Dr. Sageman's opinion that Mr. Shafi had genuine religious views and that he grew disillusioned over time but still conclude that he intended to knowingly provide material support to al-Nusrah knowing it was a terrorist organization. *See Younger*, 398 F.3d at 1190; *Morales*, 108 F.3d at 1037.  Thus, if Vidino is permitted to testify about "factors and indicators," Dr. Sageman's proposed rebuttal testimony on that same point would not violate Rule 704(b).[4]

### III.  Dr. Sageman's Proposed Testimony Is Not Good Character Evidence.

The government also objects that Dr. Sageman's proposed testimony that Mr. Shafi is "one of a large number of Muslims with genuine, conservative religious views" is inadmissible "good conduct" evidence.  Gov. Motion to Limit at 5 (citing Def. Notice at 2).  Federal Rule of Evidence 404(a)(1) prohibits the use of "a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait."

The government relies on *United States v. Hedgcorth*, 873 F.2d 1307 (9th Cir. 1989) but that case does not apply here.  In *Hedgcorth*, the Ninth Circuit found no error when the trial court excluded under Rule 404(a) evidence that the defendant "was a 'patriotic,' 'pro-government' individual unlikely to engage in acts of terrorism." *Id.* at 1313.  When asked by the district court, the defendant failed to articulate any alternate theory of relevance beyond arguing it was good character evidence. *Id.*

Here, in contrast, Dr. Sageman's proposed testimony is not intended to prove Mr. Shafi acted in accordance with any specific character trait.  Dr. Sageman's opinion that Mr. Shafi is "one of a

---

[3] The government may claim because Mr. Shafi maintains Dr. Sageman's testimony would not violate Rule 704(b), it necessarily follows similar testimony by Vidino is likewise admissible. Regardless of whether Vidino's proposed testimony violates Rule 704(b), Mr. Shafi has also challenged Vidino's testimony as unduly prejudicial under Rule 403 and inadmissible bad character or profile evidence under Rule 404(a). *See* Def. Motion to Exclude at 12, 14-15.

[4] The government also objects to any mental disease or defect testimony Dr. Sageman may offer. *See* Gov. Motion to Limit at 6-7.  Mr. Shafi is not raising a defense under Federal Rule of Criminal Procedure 12.2, has not given Rule 12.2 notice nor proffered Dr. Sageman to testify about Mr. Shafi's psychiatric profile or about any specific mental disease, defect or mental condition.

large number of Muslims with genuine, conservative religious views" casts doubt on Vidino's likely opinion that Mr. Shafi was on a "path" to "radicalization." Rather than prove action consistent with a character trait, Dr. Sageman's testimony is intended to question Vidino's credibility, methodology, and the reliability of his conclusions. *See* Fed. R. Evid. 404(a), 702, 703. Neither *Hedgcorth* nor Rule 404(a) preclude Dr. Sageman from testifying for that purpose.

## IV.   Dr. Sageman Will Not Present Hearsay Testimony.

The government objects to Dr. Sageman basing his opinion on interviews with Mr. Shafi, arguing that it makes Dr. Sageman's opinions hearsay. *See* Gov. Motion to Limit at 6. The hearsay rules prohibit witnesses from testifying to out of court statements offered for their truth unless the statement falls within an exception or exemption. *See* Fed. R. Evid. 801-805.

Dr. Sageman's opinion is not hearsay for two reasons. First, any statements made by Mr. Shafi that Dr. Sageman testified about would not be offered for the truth of the matter asserted, but rather to explain the bases of Dr. Sageman's opinion. *See* Fed. R. Evid. 801(c)(2). Thus, any of Mr. Shafi's statements offered by Dr. Sageman would not meet the definition of hearsay.

Second, even if this Court labeled testimony from Dr. Sageman about statements made by Mr. Shafi as hearsay, Dr. Sageman's opinion would still be admissible. Experts may base their opinions on otherwise inadmissible evidence, and may even disclose to the jury hearsay statements underlying an expert opinion if their probative value substantially outweighs their prejudicial effect. Fed. R. Evid. 703; *see Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984) ("Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion.").

The government objects to Dr. Sageman testifying about anything Mr. Shafi could say himself. Gov. Motion to Limit at 6. Of course, Mr. Shafi has no obligation to testify and a constitutional right to remain silent. *See* U.S. Const. AMEND. V. Nor does the Sixth Amendment confer a right of confrontation on the government. *See Bullcoming v. New Mexico*, 564 U.S. 647, 658 (2011) ("The Sixth Amendment's Confrontation Clause confers *upon the accused* '[i]n all criminal prosecutions…the right…to be confronted with the witnesses against him.") (emphasis added). In any event, Dr. Sageman would apply his expertise to the facts of Mr. Shafi's case in a manner

altogether different from any testimony Mr. Shafi could provide.  Thus, his testimony is not inadmissible hearsay.

### **CONCLUSION**

For the foregoing reasons, if the Court permits Vidino to testify as noticed, Mr. Shafi respectfully respects this Court deny the government's motion to limit the expert testimony of Dr. Sageman intended to rebut Vidino's testimony.

Dated:     June 7, 2018                            Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

*/S*
HANNI M. FAKHOURY
JEROME E. MATTHEWS
CARMEN A. SMARANDOIU
JULIANA DEVRIES
Assistant Federal Public Defenders