STEVEN G. KALAR
Federal Public Defender
Northern District of California
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders
1301 Clay Street
Oakland, CA 94612
Telephone:    (510) 637-3500
Facsimile:    (510) 637-3507
Email:        Hanni_Fakhoury@fd.org

Attorneys for Adam Shafi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAM SHAFI,<br><br>        Defendant. | **Case No.:** CR 15–00582 WHO<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO CONTACT WITH ARMIN HARCEVIC**<br><br>**Court:**          Courtroom 2, 17th Floor |

At the Court's instruction, the government filed a supplemental opposition to Mr. Shafi's motion in limine to exclude evidence about Armin Harcevic.  Dkt. No. 266.  Mr. Shafi files this supplemental brief replying to the government's supplemental opposition.

"Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992); Fed. R. Ev. 403.  As Mr. Shafi argued in his motions *in limine*, Dkt. No. 224 at *13-14, the evidence about Armin Harcevic is of no probative

SUPPLEMENTAL MOTION TO EXCLUDE HARCEVIC EVIDENCE
*SHAFI*, CR 15–00582 WHO

value here and creates a high likelihood that the jury will unfairly adjudge Mr. Shafi guilty by association with Mr. Harcevic, who is himself presumed innocent.

The government argues that Mr. Shafi's visit with Mr. Harcevic is relevant because it shows consciousness of guilt. It cites no legal authority in support of its argument. Dkt. No. 226. Evidence admitted under the consciousness of guilt doctrine is typically evidence of a defendant's flight or efforts to conceal evidence, not of visiting an acquaintance in jail. *See Marcoux v. United States*, 405 F.2d 719, 721 (9th Cir. 1968) ("As stated by Prof. Wigmore (Wigmore on Evidence, 3d Ed., § 276): 'It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'"). Furthermore, a proponent of consciousness of guilt evidence must show a clear chain of inferences leading from the defendant's action to actual guilt of the specific crime charged. *United States v. Silverman,* 861 F.2d 571, 581 (9th Cir. 1988). Conclusory assertions by the proponent that evidence is probative of consciousness of guilt are insufficient. *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1107 (9th Cir. 1979).

The government has not shown and cannot show a clear chain of inferences leading from Mr. Shafi's contact with Mr. Harcevic to Mr. Shafi's actual guilt of attempting to provide material support to al-Nusrah in 2015. The crime charged here requires the government prove both intent and a substantial step. Mr. Shafi could not have been conscious of guilt—and preparing "for the possibility that he may have to be in custody as a result of his actions"—when he went to visit Mr. Harcevic on March 15, 2015. Dkt. 266 at 2. That is because Mr. Shafi had not done anything that could arguably be considered a substantial step to the crime he is charged with: attempting to provide material support to al-Nusrah in June 2015. Before visiting Mr. Harcevic in March 2015, Mr. Shafi had not bought his June 2015 plane ticket to Istanbul or gone to San Francisco International Airport. There is therefore no way he had already committed the charged crime and believed he was guilty of it when he visited Mr. Harcevic; that visit (or texts about it) therefore do not show anything about his consciousness of guilt.

Evidence about Mr. Harcevic is also not probative of Mr. Shafi's intent. Mr. Harcevic and Mr. Shafi had very little contact with one another. Contact with Haris Harcevic is irrelevant and does not

mean that Mr. Shafi had contact with Armin Harcevic. The most extensive contact Mr. Shafi had with Armin Harcevic was the March 15, 2015 jail visit. The transcript of that jail visit demonstrates that there was no nefarious purpose to their relationship. It shows that Mr. Shafi was not, for example, seeking out Mr. Harcevic to exploit any connection he may have had to a foreign terrorist group. Indeed, Mr. Harcevic does not even appear to have had any affiliation with al-Nusrah, the charged terrorist organization in this case. Mr. Harcevic is charged with conspiracy to provide material support to terrorists under 18 U.S.C. § 2339A, not with providing material support to a foreign terrorist organization under 18 U.S.C. § 2399B. According to the indictment filed in Mr. Harcevic's case, he is accused of allegedly sending $1,500 to Ramiz Hodzic, who allegedly sent that money to Abdullah Ramo Pazara, an individual alleged to have fought in Syria for a number of terrorist groups, including ISIS, al Qaeda and al Nusrah. *United States v. Harcevic*, *et al.*, CR 15-00049-CDP, *10 (E.D. Mo.), Dkt. No. 2. Mr. Harcevic is also, of course, presumed innocent. His case has not yet been resolved and he has been on pretrial release for more than three years. *Harcevic*, CR 15-00049-CDP (E.D. Mo.), Dkt. No. 90.

The June 20, 2015 texts cited by the government, Dkt. No. 266 at *2, do not show that Mr. Shafi "equates Harcevic's custody with a reason for traveling." *See* Dkt. No. 266 at *2. They only demonstrate that Mr. Shafi was bothered by the fact that he believed an acquaintance was alone in a jail cell and that he wished he could comfort him, not that Mr. Shafi intended to provide material support to al-Nusrah. More importantly, Mr. Shafi's texts undermine his claims—believed by the government—that Mr. Shafi knew Harcevic or that the two were friends. That is because the texts were wrong: by June 2015, Harcevic had been on pretrial release for two months, since April 30, 2015. *See Harcevic,* CR 15-00049-CDP (E.D. Mo.), Dkt. No. 153. That in and of itself shows Mr. Shafi did not know Harcevic well or maintain regular contact with him.

In sum, the government has not shown a clear chain of inferences leading from Mr. Shafi's fleeting, innocuous communication with and about Mr. Harcevic to Mr. Shafi's guilt of the charged crime of attempting to provide material support to al-Nusrah in June 2015. *See Silverman,* 861 F.2d at 581. Thus, the Harcevic evidence is irrelevant. It is also extremely and unfairly prejudicial to Mr. Shafi. It invites the jury to assume Mr. Harcevic's guilt and then to assume Mr. Shafi's guilt by

SUPPLEMENTAL MOTION TO EXCLUDE HARCEVIC EVIDENCE
*SHAFI*, CR 15–00582 WHO

3

association.

Mr. Shafi therefore respectfully renews his request that this Court exclude all evidence about Mr. Harcevic. *See Hitt*, 981 F.2d at 424; Fed. R. Ev. 403.


Dated:    August 27, 2018                    Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

/S
_____
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defender

SUPPLEMENTAL MOTION TO EXCLUDE HARCEVIC EVIDENCE
*SHAFI*, CR 15–00582 WHO